IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARWIN MONTANA, #10006-424

    Petitioner,

vs.                                        Case No. 16-cv-0564-DRH

T.G. WERLICH,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the Greenville Federal Correctional Institute, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement with relation to a portion of his sentence based on the Armed Career Criminal Act ("ACCA"). The petition was filed on May 23, 2016.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief because his claim does not fall within the scope of § 2241,

and the petition must be dismissed.

## BACKGROUND

On January 23, 1998, Montana and a single co-defendant were charged in a three count complaint with conspiracy to defraud the United States (Count 1), bank robbery by force or violence (Count 2), and a firearms offense for committing a crime with a weapon (Count 3) (N.D. Ill., CM/ECF, Case No. 1:98-cr-00054-2, Dkt. 1).  Montana's case proceeded to a jury trial, and the jury returned a verdict of guilty on June 11, 1998, to Counts 2 and 3 of the complaint.  Following a presentence investigation and briefs by both parties, Montana was sentenced to the Bureau of Prisons ("BOP") for a term of 262 months on Count 2, and a consecutive 60 months on Count 3.  Montana pursued a direct appeal of his sentence before the Seventh Circuit, but that court affirmed his sentence.  *See United States v. Darwin Montana*, 199 F.3d 947 (7th Cir. 1999).

In April 2001, Montana filed his first § 2255 Petition challenging his conviction based on ineffective assistance of counsel, and an improper exercise of subject matter jurisdiction by the trial court.  (*See* N.D. Ill., CM/ECF, Case No. 1:01-cv-03098, Doc. 1).  The district court dismissed his petition, and the Seventh Circuit affirmed.  (*See id.* Dkt. 8, 17).

In 2014, Montana filed his first § 2241 Petition challenging his conviction based upon a violation of his Sixth Amendment rights.  (*See* S.D. Ill., CM/ECF, Case No. 3:14-cv-01019-DRH, Doc. 1).  In that petition, he argued that the jury instructions given regarding aiding and abetting liability were improper based on

the United States Supreme Court's decision in *United States v. Rosemond*, 134 S.Ct. 1240 (2014). This Court dismissed his § 2241 petition at the screening stage, determining that his claim did not fit the requirements for relief under § 2241, and the Seventh Circuit affirmed. (*See* S.D. Ill., CM/ECF, Case No. 3:14-cv-01019-DRH, Doc. 5).

In 2015, Montana filed a second § 2241 petition challenging a disciplinary ruling that caused him to lose time for good credit. (*See* S.D. Ill., CM/ECF, Case No. 3:15-cv-00470-DRH-CJP, Docs. 1, 4). The case is currently still pending before this Court.

In February 2016, Montana sought permission from the Seventh Circuit to file a subsequent § 2255 petition based upon the Supreme Court's decision in *Johnson v. United States*, ___U.S.___, 135 S.Ct. 2552 (2015) (*See* 7th Cir., Case No. 16-1374, Doc. 1). Montana claimed that pursuant to the holding in *Johnson*, his sentence, pronounced in part under the ACCA, was unconstitutional. On March 15, 2016, a three judge panel of the Seventh Circuit issued an Order denying Montana's application to file a successive § 2255 based upon *Johnson*. (*See* 7th Cir., Case No. 16-1374, Doc. 7). In its order, the panel noted that Montana could not qualify for relief under *Johnson* because he was not sentenced under the provision of ACCA that was found to be constitutionally infirm. (*Id.*). Montana has now filed the present § 2241 before this Court.

## HABEAS PETITION

Montana argues that under *Johnson*, ___U.S.___, 135 S.Ct. 2552, and *Welch v. United States*, ___ U.S.___, 136 S.Ct. 1257 (Apr. 18, 2016), his sentence is unconstitutional because the ACCA's residual clause was found to be unconstitutionally vague, and that holding was declared retroactive. He also argues that his Petition is properly brought as a § 2241 because he sought relief under § 2255, but was denied leave to file a second or successive § 2255 petition. Montana acknowledges the restrictions on subsequent § 2255s, but argues that he fits within the 'savings clause' of § 2255.

## DISCUSSION

Under the ACCA, a person convicted under 18 U.S.C. § 924(c)—such as Montana—is subject to an increased sentence if he is convicted of a crime of violence, and during and in relation to that crime he carries or possesses a firearm in furtherance of said crime. *See* 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is defined as one that "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subclause A of the definition of a crime of violence is a mirror image of a portion of the "residual clause" of 18 U.S.C. § 924(e)(2)(B)—the portion of the ACCA found to be unconstitutional by *Johnson.* *See* ___ U.S. at ____, 135 S.Ct. at 2557; 18 U.S.C. §§ 924(c)(3)(A) and (e)(2)(B)(ii).

The Supreme Court held in *Johnson*, that, relative to the ACCA, imposition of an enhanced sentence under the so-called 'residual clause' of § 924(e)(2)(B) violates due process because the residual clause is unconstitutionally vague. Additionally, the Supreme Court has held that *Johnson* creates a new substantive rule of law that is applicable retroactively. *Welch v. United States,*__ U.S. at ___, 136 S.Ct. at 1265, 1268. In an unpublished and not binding decision, the Seventh Circuit has extended the *Johnson* rational regarding vagueness of § 924(e)(2)(B) to another portion of the ACCA—§ 924(c)—because the language of the two provisions is identical. *See United States v. Ruiz* (7th Cir., CM/ECF, Case No. 16-1193 (Feb. 19, 2016)). The Seventh Circuit has identified § 2255 as the appropriate procedural vehicle for *Johnson* based claims. *See Price v. United States*, 795 F.3d 731, 732-35 (7th Cir. 2015) (authorizing a district court to consider second or successive § 2255 motions seeking relief from an ACCA based sentence under *Johnson*).

Despite recent precedent in favor of reexamining sentences issued under the ACCA's residual clause (§ 924(e)(2)(B)) and other similarly worded clauses (§ 924(c)), Montana's request for relief under § 2241 must fail for two reasons. First, the Supreme Court has declared the principle announced in *Johnson* to be a new substantive rule of law—thus it falls within the scope of § 2255 and its savings clause. *See Welch,* ___ U.S. at ___, 136 U.S. at 1265, 1268; *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (finding that § 2255 is only

inadequate or ineffective if the petitioner relies on a new case of *statutory interpretation*, not a new case that announces a substantive rule of law). In order for Montana to test his case under *Johnson* he would need to seek leave from the Seventh Circuit to file his petition as a § 2255, the proper mechanism for a claim relying upon a new rule of substantive law. *See Price,* 795 F.3d at 732-35. This necessity brings us to the second infirmity in Montana's request—he already has sought permission from the Seventh Circuit to reexamine his case in light of *Johnson*.

The Seventh Circuit denied Montana's timely request for leave to file a second § 2255 petition because it found that his sentence was not pronounced under the ACCA's residual clause, or any of its close progeny, such as § 924(c). Because Montana's sentence was not reached by applying one of the provisions that has been found unconstitutional, the Seventh Circuit concluded that Montana could not make a *prima facie* showing that he would qualify for relief under § 2255. Montana did not appeal the Seventh Circuit's denial to the Supreme Court. Nothing about the *Welch* decision, or any subsequent precedent, changes the Seventh Circuit's analysis. Accordingly, this Court must DISMISS the Petition because the claim is not suitable for a § 2241 petition, the Court cannot recharacterize it as a § 2255, and, in any event, the Seventh Circuit has already examined this precise claim as a potential second or successive § 2255 and has denied it on the merits.

### Pending Motion

In June 2016, Montana moved to supplement his § 2241 petition with additional written arguments on the validity of his sentence. (Doc. 4). In his proposed supplement, Montana reiterates arguments from his initial petition, and asserts that given the drastic changes in the constitutionality of the ACCA and related Sentencing Guidelines provisions in the past few years, his sentence must be reconsidered. Whatever the merits of this argument may be, a § 2241 petition is not the appropriate procedural vehicle to raise these issues. The appropriate vehicle is a § 2255. Accordingly, Montana's Motion to Supplement is **DENIED** because it does not add information that could impact the substantive outcome of this Court's preliminary screening.

### Disposition

To summarize, Montana has not demonstrated that his claim properly fits within the scope of a § 2241 petition, and he has already been denied permission from the Seventh Circuit for a second or successive § 2255 petition. Consistent with *Price*, Montana's claim would have properly been brought as a second or successive § 2255 Petition. *Price*, 795 F.3d at 732-35. Accordingly, the Petition is summarily **DISMISSED** with prejudice. Because a § 2241 petition is not the appropriate procedural vehicle, Montana's Motion to Supplement his petition is **DENIED** because the supplement does not contain information that would bring the petition within the purview of § 2241.

If Montana wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Montana plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Montana does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Montana to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 13th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.13 11:16:11 -05'00'

**United States District Judge**